# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs January 11, 2011

## FRANKIE KELLY MCGOWAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 11786   Lee Russell, Judge**

---

**No.  M2009-02268-CCA-R3-PC - Filed April 29, 2011**

---

Petitioner, Frankie Kelly McGowan, entered a best interest plea in Bedford County to one count of aggravated burglary and two counts of burglary in exchange for an effective ten-year sentence.  The effective sentence was ordered to run consecutively to sentences in two other cases for which Petitioner was on parole at the time of the offenses.  Subsequently, Petitioner sought post-conviction relief on the basis of ineffective assistance of counsel and because his guilty plea was unknowingly and involuntarily entered.  The post-conviction court dismissed the petition after a hearing.  Petitioner has appealed the dismissal of his petition for post-conviction relief to this Court.  After a review of the record, we conclude that Petitioner has failed to present clear and convincing evidence that his guilty plea was involuntarily or unknowingly entered or that he received ineffective assistance of counsel. Accordingly, the judgment of the post-conviction court is affirmed.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

John H. Norton, III, Shelbyville, Tennessee, for the appellant, Frankie Kelly McGowan.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Charles Crawford, District Attorney General, and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

From what we can discern from the record on appeal,[1] Petitioner was indicted by the Bedford County Grand Jury in case number 16585 for one count of aggravated burglary, two counts of theft of property valued at $1,000 or more, burglary, and one count of unlawful possession of a weapon. In case number 16590, Petitioner was indicted by the Bedford County Grand Jury for one count of burglary and one count of theft of property valued at $1,000 or more.

Petitioner entered best interest guilty pleas on October 2, 2008, to one count of aggravated burglary and one count of burglary in case number 16585. As part of the plea agreement, Petitioner received a ten-year sentence for each conviction, to be served concurrently at forty-five percent service in incarceration. In case number 16590, Petitioner entered a best interest guilty plea to one count of burglary. Again, Petitioner received a ten-year sentence to be served at forty-five percent in incarceration. The sentences in case numbers 16585 and 16590 were ordered to be served concurrently to each other but consecutively to the sentences in case numbers 14837 and 14853, for which Petitioner was on parole at the time he committed the offenses at issue herein.

At the hearing during which Petitioner entered the best interest pleas, counsel for the State informed the trial court that, had the case gone to trial, the facts would have shown as follows:

> In case number 16585, the factual basis is on January 25th of this year Bobby Sanders reported to the police department that some time, close in time within a day or so, someone had broke [sic] into a shop that he owned at 702 Hoover Street and some tools, and I believe a heater were missing from there. The - - also, around that time a Claude Aldridge reported that sometime on the 24th or 25th of January while he was gone from his residence someone had broken in and stolen various items of property.
>
> . . . .
>
> And had stolen some money, some pistols, and some other kinds of personal property. The police department investigated both of these and began focusing

---

[1] Only one of the indictments appears in the record on appeal. The judgment forms do not appear in the record on appeal.

on the defendant, . . . , one of defendant's sons, Tony McGowan, and then Debra Ward. And the facts revealed that . . . , Tony McGowan lived near these locations. The defendant and Debra Ward were visiting. The defendant entered these locations, took the items, and handed them out to his son, and they used Debra Ward's vehicle to transport them.

With regard to some of Mr. Aldridge's property, one item was recovered, a handgun was from a Jared McGowan, I believe some relative of the defendant's, and he indicated he had obtained it from the defendant. There was some other witnesses, also, put the defendant in possession of some personal property which matched up with some of the other items. Additionally, also, I believe there was a house that the defendant and Debra Ward had been staying at. They had since moved out and I believe some of Mr. Sanders' property was found in that.

In case number . . . 16590, that occurred on January 27th 2008, and that involved a stable owned by Mr. Bob Neil, and he indicated that there had, someone had entered and taken a number of different tools and carpentry tools, specifically. That case was assigned to the Sheriff's Department. They looked into it, and they did recover one of the items of property from one of the defendant's son[s] and the son indicated that the defendant had brought it to him to hide or to hold, however you want to think about it. You may recall, also, that the son, Tony McGowan, and Debra Ward had both pled guilty previously to their involvement in these cases and were on the State's witness list.

On March 6, 2009, Petitioner sought post-conviction relief by filing a pro se petition for post-conviction relief. In the petition, Petitioner argued that he received ineffective assistance of counsel and that his conviction was based on: (1) an unlawfully induced guilty plea; (2) a violation of the privilege against self-incrimination; (3) the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant; and (4) illegal evidence.

Counsel was appointed for Petitioner. It appears from the record that counsel for Petitioner filed an amended petition for post-conviction relief as it is referenced in the answer filed by the State. This amended petition does not appear in the record on appeal. However, we have been able to discern from an order filed by the post-conviction court that the amended petition added an allegation regarding ineffective assistance of counsel. Specifically, the amended petition alleged that counsel was ineffective for failing to raise and pursue an alibi defense and that the State failed to corroborate the testimony of two accomplices to the crimes.

The post-conviction court held a hearing on the petition for post-conviction relief. At the hearing, counsel for Petitioner argued that Petitioner had only two bases for post-conviction relief, both relating to ineffective assistance of counsel. Specifically, counsel for Petitioner mentioned the issues regarding failure of trial counsel to raise an alibi defense and the failure to question corroboration of accomplice testimony. Counsel for Petitioner then admitted that he had been unable to secure alibi witnesses and, therefore, had no choice but to abandon that ground for relief. Counsel for Petitioner also referenced Petitioner's plea acceptance hearing.

At the hearing, trial counsel testified. Trial counsel was retained to represent Petitioner at the trial level. At the time of the hearing on the post-conviction petition, trial counsel had been practicing law for twenty-two years.

Prior to the plea, trial counsel received and reviewed the videotaped statements of both Mr. McGowan and Ms. Ward. They both implicated Petitioner in the burglaries. Trial counsel recalled thinking that the State would have to corroborate the testimony of both Ms. Ward and Mr. McGowan as accomplices.

Trial counsel recalled that at the preliminary hearing there was testimony from a detective who stated that property which was believed to be stolen, was found at Petitioner's former residence. Trial counsel thought that it would be hard for the State to prove that the items were stolen because they were "common" items and no fingerprints were recovered but noted that the statements of Ms. Ward and Mr. McGowan offered "slight" corroboration of the theft of the heater. Trial counsel was most "concerned" about a weapon that Petitioner had tried to sell because he "believed that it was true" that Petitioner was trying to sell the stolen weapon.

After the preliminary hearing, trial counsel believed "that there was a likelihood [Petitioner] was going to be convicted based upon the proof." Trial counsel explained the facts to Petitioner but "expected to still try that case." At some point prior to trial, however, Petitioner became more concerned "about getting his case settled" and wanted Ms. Ward to get her case settled as well. Trial counsel agreed that "it was totally a free and voluntary decision on [Petitioner's] part" to enter the best interest plea.

Detective William Brian Crews of the Shelbyville Police Department also testified at the post-conviction hearing. Detective Crews was responsible for the investigation of case number 16585. Detective Crews testified at the preliminary hearing regarding the results of the investigation. He recalled that Petitioner, Mr. McGowan, and Ms. Ward were developed as suspects. Mr. McGowan was Petitioner's son and Ms. Ward was Petitioner's "live-in"

-4-

girlfriend. Detective Crews interviewed both Ms. Ward and Mr. McGowan as part of his investigation. They both implicated Petitioner in the burglaries.

As part of the investigation, Detective Crews searched a residence that had been occupied by Petitioner and Ms. Ward. Detective Crews recovered what he thought was a stolen "industrial heater" made by Reddy. Detective Crews admitted that there was no serial number on the heater and that no fingerprints were lifted from the heater or cover.

Additionally, Detective Crews testified about a gun that was stolen. Petitioner was seen with a weapon that matched the description of the stolen weapon. Raymond McGowan signed a written statement that he bought the gun from Petitioner and then sold it to Tony Farrar. The gun was recovered from Mr. Farrar. It matched the description of the stolen weapon.

The transcripts of Petitioner's plea hearing were entered into evidence. Petitioner did not testify.

At the conclusion of the hearing the post-conviction court informed the parties that he would dismiss the petition in a written memorandum and order. The post-conviction court issued an order with specific findings of fact and conclusions of law. The post-conviction court determined that Petitioner abandoned all issues "other than ineffective assistance of counsel on the accomplice testimony issue." However, because there was a "reference" to Petitioner's plea hearing, post-conviction court made a determination that Petitioner's plea was voluntary and knowing and that there was a factual basis for the plea.

With respect to the corroboration of the accomplice testimony, the post-conviction court determined that there were "at least two pieces of evidence [in the record that] support the testimony of the [Petitioner's] accomplices." These included proof that a weapon taken during one of the burglaries was seen in possession of Petitioner by one of the State's witnesses. There was evidence that the gun was unique looking and would be described by the witness. Second, the post-conviction court determined that an industrial heater stolen during one of the burglaries was found at a residence that was previously occupied by Petitioner. Thus, the post-conviction court determined that trial counsel was not ineffective for failing to challenge corroboration of the accomplice testimony. The post-conviction court dismissed the petition for post-conviction relief.

Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner contends that he received ineffective assistance of counsel because trial counsel failed to argue in the trial court that the State was basing its case solely on the uncorroborated testimony of accomplices. Specifically, Petitioner argues that it was "impossible to identify the heater recovered from Petitioner's former residence" as the stolen heater." Additionally, there were no fingerprints found on the heater. With respect to the gun, Petitioner argued that counsel did not even know the name of the individual to whom Appellant had allegedly tried to sell the gun. Petitioner contends that the accomplice testimony was not sufficiently corroborated and that trial counsel's failure to argue this point led to ineffective assistance of counsel. The State, on the other hand, insists that Petitioner is not entitled to post-conviction relief because he "failed to show that but for trial counsel's errors, he would have insisted on going to trial."

*Post-conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing by clear and convincing evidence that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996); *see also* T.C.A. § 40-30-110(f). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *State v. Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, Petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland*, Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. 466 U.S. at 694. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W.2d at 542. The standard is the same for a "best interest" or *Alford* plea, that is, "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S.W.2d at 904.

Petitioner has failed to show that but for trial counsel's alleged deficiencies, he would have refused to plead guilty and insisted on going to trial. Petitioner did not even testify at the post-conviction hearing and failed to rebut the testimony of trial counsel that indicated Petitioner wanted to plead guilty in order to obtain leniency for his girlfriend, Ms. Ward. Further, the transcript of the guilty plea hearing reflects that the trial court discussed the ramifications of the guilty plea with Petitioner. Petitioner was thoroughly questioned by the trial court to ascertain whether he understood the effects of the plea.

The plea hearing also indicates that Petitioner knew what he was doing, understood the plea, and agreed that it was what he wanted to do to resolve the case. Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary. Moreover, Petitioner has failed to prove he did not understand the consequences of his plea. Trial counsel testified that Petitioner was the one who wanted to enter the plea. "[Q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact," and the post-conviction court's credibility determinations are conclusive on appeal unless the evidence preponderates against them. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). We find no evidence to preponderate against the findings of the post-conviction court. Further, Petitioner has failed to show that there is a reasonable probability that the proceedings would have concluded differently had counsel performed as Petitioner now claims he should have. *Vaughn v. State*, 202 S.W.3d 106, 120 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 687). The evidence does not preponderate against the determination of the post-conviction court.

Additionally, Petitioner did not show that trial counsel was ineffective for failing to challenge the validity of the State's evidence used to corroborate the testimony of the accomplices. Tennessee law requires only a modicum of evidence in order to sufficiently corroborate accomplice testimony. *See State v. Copeland*, 677 S.W.2d 471, 475 (Tenn. Crim. App. 1984). More specifically, precedent provides that:

> The rule of corroboration as applied and used in this State is that there must be some evidence independent of the testimony of the accomplice. The corroborating evidence must connect, or tend to connect the defendant with the commission of the crime charged; and, furthermore, the tendency of the

corroborative evidence to connect the defendant must be independent of any testimony of the accomplice. The corroborative evidence must[,] of its own force, independently of the accomplice's testimony, tend to connect the defendant with the commission of the crime.

*State v. Griffis*, 964 S.W.2d 577, 588-89 (Tenn. Crim. App. 1997) (quoting *Sherrill v. State*, 321 S.W.2d 811, 815 (Tenn. 1959)). The post-conviction court herein determined that there were two pieces of evidence that corroborated the accomplice testimony: (1) the "unique" looking gun that was found in Petitioner's possession that fit the description of the gun stolen during the burglaries; and (2) the industrial heater that was found at Petitioner's former residence that matched the description of the stolen heater. The record supports the post-conviction court's conclusions. Detective Crews testified that Petitioner was seen with the stolen gun. Further, Raymond McGowan signed a statement that he bought the gun from Petitioner and sold it to Mr. Farrar. The police recovered the gun from Mr. Farrar. Additionally, an industrial heater matching the description of the stolen heater was recovered from a residence formerly occupied by Petitioner. The record does not preponderate against the post-conviction court's determination that the State could have corroborated the accomplices' testimony. Therefore, trial counsel did not render ineffective assistance of counsel for failing to challenge corroboration of the accomplice testimony. Petitioner is not entitled to relief on this issue.

### *Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE